# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Stacey S.,

        Plaintiff,

        v.

Andrew Saul,
Commissioner of
Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 18-3358 ADM/TNL

---

Ana Catalina Pottratz Acosta, Esq., Health Law Clinic, Mitchell Hamline School of Law, Saint Paul, MN, on behalf of Plaintiff.

Tracey Wirmani, Esq., Special Assistant United States Attorney, Assistant Regional Counsel, Social Security Administration, Dallas, TX, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Andrew Saul, Commissioner of Social Security's ("Commissioner") Objection [Docket No. 22] to Magistrate Judge Tony N. Leung's January 30, 2020 Report and Recommendation ("R&R") [Docket No. 21]. In the R&R, Judge Leung recommends granting in part and denying in part Plaintiff Stacey S.'s ("Plaintiff") Motion for Summary Judgment [Docket No. 14], denying the Commissioner's Motion for Summary Judgment [Docket No. 16], and remanding this matter to the Social Security Administration for further proceedings. For the reasons set forth below, the Objection is overruled and the R&R is adopted.

## II. DISCUSSION

### A. Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

The Commissioner's decision to deny social security benefits must be affirmed if it conforms to the law and is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Kluesner v. Astrue, 607 F.3d 533, 536 (8th Cir. 2010). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's determination." Brown v. Colvin, 825 F.3d 936, 939 (8th Cir. 2016) (citation omitted). The reviewing court must consider both evidence that supports the Commissioner's decision and evidence that detracts from it, and the reviewing court must uphold the Commissioner's decision if it is supported by substantial evidence, even when substantial evidence exists in the record that would have supported a contrary decision or when the reviewing court would have reached a different conclusion. Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001).

### B. Commissioner's Objection

The Commissioner objects to the R&R's remand recommendation. The R&R determined the ALJ should reconsider whether Plaintiff's record of mild brain atrophy and encephalopathy meets a 12.02 listing at step three.[1] 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.02.A, .B. The

---

[1] Disability is determined according to a five-step, sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The R&R more fully discusses the process. R&R at 22-26.

Commissioner argues the Administrative Law Judge's ("ALJ") decision fully considers and adequately explains step three. The Commissioner further contends that even if the ALJ failed to fully explain his decision at step three, "failure to adequately explain his factual findings is not sufficient reason for setting aside an administrative finding." Obj. at 3 (quoting Scott ex rel. Scott v. Astrue, 529 F.3d 818, 822 (8th Cir. 2008)).

For the reasons stated in the R&R, the Court agrees the ALJ did not make clear what evidence he relied upon in concluding Plaintiff had moderate, as opposed to extreme, limitations in her ability to maintain concentration, persistence, or pace. R&R at 29. Plaintiff need only show that she has extreme limitations in one of the B criteria for her mental impairments to meet or equal listing 12.02. R&R at 28-29. The ALJ is required to evaluate every medical opinion and the written decision should incorporate the pertinent findings and conclusions. The ALJ failed to discuss several potentially dispositive medical opinions. See id. at nn.8, 9, and 10. The Court agrees with the R&R, this is more than an arguable deficiency in opinion-writing. R&R at 30-31 (citing Buckner v. Astrue, 646 F.3d 549, 559 (8th Cir. 2011)).

The Commissioner argues the ALJ's failure to adequately explain his factual findings is insufficient to require a remand. The Commissioner argues the R&R failed to review the ALJ's decision for "harmless error." Obj. at 4 (citing Vance v. Berryhill, 860 F.3d 1114, 1118 (8th Cir. 2017)). The R&R concluded that the Commissioner's post-hoc rationalizations for the ALJ's unsupported finding of "moderate" limitations cannot be accepted because without the ALJ's explanation, the Magistrate Judge could not determine whether the ALJ's decision is supported by substantial evidence in the record as a whole. This Court agrees.

Remand under these circumstances is consistent with the Eighth Circuit Court of Appeals approach when remanding Social Security Income cases. See, e.g., Scott, 529 F.3d at 823-24 (remanding because the ALJ's failure to adequately support his findings at step three precluded the court from determining whether substantial evidence supported the ALJ's finding that the claimant did not meet or medically equal the listing); Senne v. Apfel, 198 F.3d 1065, 1067-1068 (8th Cir. 1999) (rejecting the argument that deficiency in opinion writing alone warrants remand, but finding remand was required because the ALJ's findings were not sufficient to ascertain whether the ALJ's decision was supported by substantial evidence on the record); see also cf. Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987) (finding harmless error where "the deficiency probably had no practical effect on the outcome of the case."). In this case, the evidence the ALJ did not discuss could be dispositive, and therefore may have a practical effect on the outcome of the case. The Commissioner's post-hoc rationalizations do not convince the Court that the ALJ's omissions are harmless.[2]

### III. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Commissioner's Objection [Docket No. 22] is **OVERRULED**;

2. The R&R [Docket No. 21] is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment [Docket No. 14] is **GRANTED IN PART** and **DENIED IN PART**;

4. Defendant's Motion for Summary Judgment [Docket No. 16] is **DENIED**; and

---

[2] Plaintiff expresses concern about the ALJ's references to her alleged alcohol use in the ALJ's decision. Pl.'s Statement of No Obj. to the R&R [Docket No. 23] at 4. The Court expects the ALJ's decision on remand will comport with the legal standard set forth in SSR 13-02p.

5. The matter is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation and this opinion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: March 17, 2020